**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**TONY WEAVER**                                                                              **PLAINTIFF**

v.                                    **CASE NO. 4:10CV00227 BSM**

**EDWARD D. JONES & CO., L.P.**                                                     **DEFENDANT**

### ORDER

Defendant Edward D. Jones & Co., L.P. ("Edward Jones") moves to compel arbitration (Doc. No. 6). Plaintiff Tony Weaver ("Weaver") opposes the motion (Doc. No. 7) and Edward Jones replied (Doc. No. 8). Edward Jones's motion is granted.

### I. BACKGROUND

On March 15, 2010, Weaver filed this action in the Circuit Court of Faulkner County, Arkansas, alleging that his employer, Edward Jones, (1) intentionally interfered with business expectancy/relationships; and (2) disability discrimination under Ark. Code Ann. § 16-123-107. Plaintiff seeks compensatory and punitive damages. On April 7, 2010, Edward Jones removed this action to federal court based upon diversity jurisdiction, 28 U.S.C. § 1332. Edward Jones argues that Weavers claims are subject to arbitration pursuant to the Investment Representative Employment Agreement (the "Agreement") it entered into with Weaver. *See* Investment Representative Employment Agreement attached as exhibit C to defendant's motion to compel arbitration (Doc. No. 6).

Section 13 of the Agreement provides:

You agree that any dispute claim or controversy arising under this Agreement

or as a result of your employment with Edward Jones between you and Edward Jones or any present or former employee, agent, officer, director, affiliate, or partner of Edward Jones shall be resolved by arbitration and without resort to litigation in court. Any arbitration proceedings shall be conducted in accordance with the rules then in effect of the Boards of Directors of the New York Stock Exchange, Inc., or the National Association of Securities Dealers, Inc. This agreement to arbitrate disputes shall survive the termination of your employment with Edward Jones. This provision shall in no way affect or impair Edward Jones' right under any other provision of this Agreement to obtain equitable relief from a court of competent jurisdiction, which relief may remain in full force and effect pending the outcome of arbitration proceedings.

Edward Jones now moves to compel arbitration pursuant to the terms of the Agreement.

The parties dispute whether the Agreement is governed by Missouri or Arkansas law. It is unnecessary, however, to resolve this dispute at this time because the result would be the same under either state's laws.

## II. DISCUSSION

Weaver argues that under both Arkansas and Missouri law, the arbitration provision is unenforceable because it is not mutual. *See Tyson Foods, Inc. v. Archer*, 147 S.W.3d 681 (2004); *Leatherberry v. Villiage Green Management Co., Missouri, LLC*, No. 4:09CV2101 MLM, 2010 WL 546871, *3 (E.D.Mo. Feb. 9, 2010)(citing *Morrow v. Hallmark Cards, Inc.*, 273 S.W.3d 15, 22-23 (Mo. App. 2008)). Specifically, Weaver argues that while he is required to arbitrate disputes arising under the Agreement or as a result of his employment, Edward Jones maintains the right to pursue judicial remedies under a number of circumstances.

Edward Jones argues that the arbitration agreement is valid and enforceable pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 2, and that Weaver's claims are subject to arbitration under the Agreement.

The FAA requires parties to arbitrate disputes when a valid arbitration agreement exists, 9 U.S.C. § 2, and reflects a strong federal policy in favor of arbitration. *Southeastern Stud & Components v. American Eagle Design Build Studios*, 588 F.3d 963, 966 (8th Cir. 2009). A court's role under the FAA is to determine (1) whether a valid agreement to arbitrate exists and (2) whether the agreement encompasses the dispute. *Enderlin v. XM Satellite Radio Holdings, Inc.*, 2008 WL 830262, *11 (E.D.Ark. Mar. 25, 2008). In the case of a valid arbitration agreement, courts are required to stay the action until arbitration occurs. 9 U.S.C. §§ 3-4.

Although state law is applied to determine whether an arbitration agreement is valid and enforceable, a court "may not invalidate an arbitration agreement under any state law applicable only to arbitration provisions." *Enderlin*, 2008 WL 830262 at *9.(citing *Doctor's Assocs. v. Casarotto*, 517 U.S. 681, 687 (1996). Therefore, generally applicable contract defenses such as fraud, duress, or unconscionability, may be applied to invalidate an arbitration agreement. *Id.* In addition, under both Arkansas and Missouri law, the essential elements of a contract include: (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations. *See Id.* (citing *E-Z Cash Advance, Inc. v. Harris,* 60 S.W.3d 436, 440 (2001)); *Kunzie v. Jack-In-The-Box, Inc.*, 2010

WL 779367, *6 (Mo. App. Mar. 9, 2010)(citing *Baris v. Layton*, 43 S.W.3d 390, 396 (Mo. App. 2001). While lack of mutuality is a general contract defense, the Eighth Circuit has held that state laws requiring "mutuality within the arbitration paragraph itself [are] preempted by the FAA because it places the arbitration clause on unequal footing with other contract terms that do not have to be mutual." *Southeastern Stud*, 588 F.3d at 967 (citing *Enderlin,* 2008 WL 830262 at *10).

Weaver's reliance on *Tyson Foods*, 147 S.W.3d 681, and *Leatherberry*, *supra*, is misplaced in both instances. In *Southeastern Stud*, the Eighth Circuit definitively rejected the plaintiff's contention that Arkansas law required mutuality of obligation within the arbitration provision for an agreement to arbitrate to be valid. 588 F.3d 963. Moreover, although the *Leatherberry* court noted that Missouri law requires mutuality of obligation to arbitrate when there is no evidence of an enforceable underlying contract, other courts have noted that this is not necessarily the case where there is an enforceable contract underlying the one-sided arbitration provision. *See e.g., Morrow v. Hallmark Cards, Inc.*, 273 S.W.3d 15, 22-23 (Mo. App. 2008). For instance, in *Morrow*, cited approvingly in *Leatherberry*, the court refused to compel arbitration of a one-sided arbitration clause where the arbitration agreement was added to the employment agreement as a "new term or condition of employment," and "employees were not required to sign a document indicating agreement." *Morrow*, 273 S.W.3d at 22. The court in *Morrow* explicitly noted that its ruling did not mean that arbitration provisions must always be mutual, stating that "[c]ertainly, a one-sided

covenant to arbitrate can be created when there is an enforceable underlying contract." *Id*.

Weaver does not argue that the Agreement was not an enforceable contract under Arkansas or Missouri law. Moreover, the FAA preempts any Arkansas or Missouri law requiring mutuality of obligation within an arbitration agreement where there is a valid and enforceable underlying contract. Accordingly, the arbitration agreement is an enforceable agreement to arbitrate any dispute arising from the Agreement. Weaver does not argue that his claims do not fall within the scope of the arbitration provision and is therefore required to submit his claims to arbitration pursuant to the Agreement.

This action is hereby stayed and Edward Jones's motion to compel arbitration (Doc. No. 6) is granted.

### III. CONCLUSION

Defendant Edward Jones's motion to compel arbitration (Doc. No. 6) is granted and the parties are directed to submit this case to arbitration according to the terms of the Agreement, pursuant to 9 U.S.C. § 4. In addition, this case is stayed pending resolution of the arbitration, pursuant to 9 U.S.C. § 3. *Enderlin,* 2008 WL 830262, *17 (citing *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 948 (8th Cir. 2001)).

IT IS SO ORDERED this 10th day of June, 2010.

_____
UNITED STATES DISTRICT JUDGE